**YAN JIANG, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–72203.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.\*

Filed Feb. 25, 2010.

Theodore Cox, Esquire, Law Offices of Theodore Cox, New York, NY, for Petitioner.

Monica Antoun, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Yan Jiang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir.2008), and review de novo claims of due process violations, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the agency's determination that Jiang's asylum application was untimely because that finding is based on disputed facts. *See* 8 U.S.C. § 1158(a)(3); *cf. Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir.2007) (per curiam) (exercising jurisdiction to consider one-year bar where facts were undisputed). Accordingly, we dismiss Jiang's asylum claim.

■ Substantial evidence supports the agency's adverse credibility determination because Jiang testified inconsistently about when she began proselytizing, *see Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (inconsistencies regarding matters that go to the heart of petitioner's claim support an adverse credibility deter-

mination), and her explanation for the inconsistencies does not compel a contrary conclusion, *see Lata*, 204 F.3d at 1245. Accordingly, we deny Jiang's withholding of removal claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Jiang has failed to set forth any substantive argument regarding the agency's denial of CAT relief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed waived).

■ Finally, we reject Jiang's contention that the BIA violated her due process rights by engaging in fact-finding because it is belied by the record and because she did not establish prejudice. *See Lata*, 204 F.3d at 1246 (requiring error and prejudice to prevail on due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

